## Case No. 15,020.

### UNITED STATES v. EBNER.

#### [4 Biss. 117.] [1]

District Court, D. Indiana. Dec. Term, 1867.

INTERNAL REVENUE—INDICTMENT—ACTION OF DEBT.

1. Under the internal revenue laws, when the punishment prescribed is a pecuniary penalty or fine only, and the act fixes the exact amount of it, the action of debt will lie to recover it.

2. Where the punishment provided is a fine only, and the amount of it is not fixed, but left to the discretion of the court, the prosecution for it must be by indictment.

3. In all cases in which the law provides that imprisonment either may or must be any part of the punishment, the prosecution must be by indictment.

───────────

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[This was an action against John Ebner.]

McDONALD, District Judge. This is an action of debt on the thirty-first section of the internal revenue act [of 1864 (13 Stat. 235)].

The defendant demurs to the declaration on the ground that debt does not lie for a violation of the provisions of that section.

The section in question, among other things, provides that every person making or distilling spirits shall from day to day make true and exact entry, in a book to be kept in such form as the commissioner of internal revenue may prescribe, of the number of pounds or gallons of materials used for the purpose of producing spirits, the number of gallons of spirits distilled, the number of gallons placed in warehouse and the proof thereof, and the number of gallons sold with the proof thereof, etc. And the section provides that "Any person who shall violate the provisions of this section shall, for every such offense, be liable to a fine of five hundred dollars."

The declaration charges a violation of the provisions above cited, and demands judgment for $500.

Confining our inquiry to this section alone, I would suppose that a proceeding by indictment is the only remedy for a violation of its provisions.

But pursuing the rule that, in construing a provision in a statute, all its parts must be considered, I am led to a different conclusion.

This act has many requirements on the subject of internal revenue, the violations of some of which are, in terms, punishable by pecuniary penalties, some by fine only, and some by fine and imprisonment. It would be tedious to examine here the numerous sections of the act which relate to these matters. It seems certain, however, that the word "penalty" and the term "fine" are in some parts of the act, used convertibly. Thus, the fourteenth section declares that every person who shall violate its provisions "shall be liable to a fine or penalty not exceeding five hundred dollars." Here the two terms are evidently employed as meaning the same thing.

The forty-first section of the act provides that "it shall be the duty of the collectors," etc., "to prosecute for the recovery of any sum or sums which may be forfeited by law; and all fines, penalties, and forfeitures which may be incurred or imposed by law shall be sued for and recovered in the name of the United States, in any proper form of action, or by any appropriate form of proceeding, qui tam or otherwise." A like provision is found in the 179th section of the act. Here is express authority to sue for "fines" arising under this law. The term "sue" is employed in both these sections; and it is inapplicable to a prosecution by indictment. We do not say that a man is sued for a crime. The term always supposes a civil action. Then, for some "fines" imposed by the in-

ternal revenue act, it is clear that a man may be sued in a civil action—in any "appropriate action." Now, in my opinion, where the act fixes the amount of a pecuniary punishment, whether it calls it a penalty or a fine, an action of debt is an "appropriate action." And for our future guidance in relation to violations of the internal revenue act, I venture to lay down the following rules:

1. Where the punishment prescribed is a pecuniary penalty or fine only, and where the act fixes the exact amount of it, the action of debt will lie to recover it.

2. Where the punishment provided is a fine only, and the exact amount of it is not fixed by the act, but is left to the discretion of the court trying the case,—as where the language is that the party shall be fined in any sum not exceeding a certain amount,—there the action of debt will not lie, nor can any other civil action be the "appropriate" remedy, but the prosecution must be by indictment.

3. In all cases in which the act provides that imprisonment either may or must be a part of the punishment, there no civil action will lie, and the only remedy is by indictment.

The demurrer is overruled.

NOTE. Debt is the appropriate action whenever a demand is for a sum certain, and is capable of being reduced readily to a certainty. 1 Chit. Pl. 108. If a statute prohibit the doing an act under a penalty or forfeiture to be paid to a party aggrieved, and do not prescribe any mode of recovery, it may be recovered in an action of debt. Id. Whenever a statute gives a right to recover damages which are ascertained by the act itself, an action of debt lies and is proper, if no specific remedy is provided. Blackburn v. Baker, 7 Port. (Ala.) 284. It has been held in Ohio that debt is the proper remedy for a penalty imposed by a statute, though the amount is uncertain, and is to be fixed by the court between five and fifty dollars. Rockwell v. State, 11 Ohio, 130. Consult, also, U. S. v. Morin [Case No. 15,810].